WILLIAM B. DURYEE, SECRETARY FOR AGRICULTURE OF THE STATE OF NEW JERSEY, PLAINTIFF-PROSECUTOR, v. HYMAN ZIPKIN, DEFENDANT-RESPONDENT.

Submitted January 27, 1934—Decided May 21, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the prosecutor, *William A. Stevens,* attorney-general, and *Robert Peacock,* assistant attorney-general.

For the respondent, *Louis L. Hendler.*

PER CURIAM.

The above named defendant, Hyman Zipkin, was brought into the District Court of the city of New Brunswick on a complaint for the violation of section 2 of chapter 349, *Pamph. L.* 1931, in that he engaged in the business of commission merchant, dealer and broker, as defined in the act, without having obtained a license as provided in the act.

The District Court judge gave a verdict and judgment for the defendant (without stating any reason), and the plaintiff obtained this writ of *certiorari* to review such judgment.

The plaintiff says that the verdict of the court was contrary to the evidence, and that there was no evidence to support the finding of the trial judge.

We think the point is well taken.

The defendant in his brief admits that the plaintiff proved that at the time charged in the complaint the defendant was engaged in the business of a commission merchant and that he purchased perishable agricultural products from growers on the occasion charged in the complaint, and it was proven without dispute that he was not licensed.

But the defendant now argues (and this is his only contention) that he was not required to have a license because he paid the growers by check, and he relies upon the exception to the act which reads:

"This act shall not, however, be construed to apply to any transaction in which the grower receives in cash at the time of the transaction full payment of the amount due him * * * ."

The proof was, and it was uncontradicted, that on the occasion in question that he gave growers checks (not money in hand) and that one of those checks when presented to the bank for payment was returned unpaid because of insufficient funds. That transaction was therefore not within the exception to the act. It was not a "transaction in which the grower receives *in cash at the time of the transaction full payment*, and it is immaterial that the returned check was paid several days thereafter. Mr. Justice Elmer in *Steward* v. *Scudder*, 24 *N. J. L.* 96, 101, speaking for this court, said "a sale for cash is a sale for the money in hand, at least such is the general meaning of the term." Here the language of the exemption provision of the statute is used in that sense. The language is: "transaction in which the grower *receives in cash at the time of the transaction full payment*." That the grower in the present case did not receive, and since the unimpeached evidence was uncontradicted, it is manifest that the verdict was contrary to the evidence, and there was no evidence to support the finding.

The judgment will be set aside and a new trial awarded.